McKinney, J.,
delivered the opinion of the Court.
This was an action for breach of promise of marriage. The defense is, that at the time of making the promise, the “ defendant was an infant under the age of twenty-one years, to-wit: of the age of nineteen years.” To this plea there was a demurrer, which was overruled, and the plea declared to be a bar to the action.
The age of consent to marriage by the common law, which we have adopted, is, fourteen in males, and twelve in females. If a marriage takes place, either party being under that age, it is inchoate and voidable; yet, if the parties, when they arrive at the age of consent, above stated, agree to continue together, it is so far a marriage that they need not be married again. But, if the parties be of the age of consent, though under the age of twenty-one, the marriage is valid and obligatory; although it may have taken place without the consent of the parents or guardians. The Governor vs. Rector, 10 Humph., 57; Macpherson on Infants, ch. 17. It is well settled, however, that although a marriage, actually consummated, of a minor above the age of consent, cannot be disagreed to or avoided, on his arriving at full age; yet the contract, or promise of marriage, of an infant under the age of twenty-one, so long as it remains executory, may be avoided on the *661 mere ground of the minority of the party promising. And though in general, a contract of marriage must he mutually binding on the parties, an exception exists in the case of an infant. Hence, a promise of marriage made to an infant, by an adult, is binding on the latter, and the infant may, therefore, maintain an action for the breach of it; yet, if the infant be sued for his breach of promise, his infancy is a good defense to.the action. Macpherson on Infants, ch. 17. Chitty on Con., 536.
It follows, that the jndgment of the Court on the demurrer was correct, and it will be affirmed.